JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4825 PA (Ex) | Date | June 29, 2015 |
|---|---|---|---|
| Title | David Laird v. Harry Dixon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on June 25, 2015, by defendants Harold Dixon and Blast Fitness (collectively "Defendants"). Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff David Laird ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction"). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4825 PA (Ex) | Date | June 29, 2015 |
|---|---|---|---|
| Title | David Laird v. Harry Dixon, et al. | | |

1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

      The Notice of Removal alleges that defendant Blast Fitness "is a Massachusetts limited liability corporation with a principal place of business located at 2000 Commonwealth Avenue, Auburndale, Massachusetts.  Massachusetts is where all of Defendant Blast Fitness's primary executive, administrative, financial, and management functions are conducted.  Moreover, Defendant Blast Fitness's primary operations are handled in Massachusetts and outside the State of California."  (Notice of Removal ¶ 14.)  The Notice of Removal also alleges that defendant Harry Dixon "is a resident of Massachusetts."  (Notice of Removal ¶ 12.)  Defendants have not alleged the citizenship of each of the members of Blast Fitness, LLC.  Instead, Defendants have alleged the citizenship of the limited liability company defendant as if it were a corporation.  As a result, Defendants' allegations concerning its own citizenship are insufficient to invoke this Court's diversity jurisdiction.  Additionally, as to defendant Harry Dixon, Defendants allege only that he is a "resident" of Massachusetts.  Because an individual is not necessarily domiciled where he or she resides, Defendants' allegation of the residence of Mr. Dixon is insufficient to establish the citizenship of the individual defendant.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

      For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC581277.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.